IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARVI ROSEHILL CHING, et al., | ) | Civ. No. 09-00437 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND REMOVED |
| MARCUS D.E. ROSEHILL, et al., | ) | PROCEEDINGS TO STATE |
| | ) | COURT FOR LACK OF SUBJECT |
| Defendants. | ) | MATTER JURISDICTION BE |
| _____ | ) | GRANTED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
REMAND REMOVED PROCEEDINGS TO STATE COURT FOR LACK OF
SUBJECT MATTER JURISDICTION BE GRANTED

Before the Court is Plaintiff Marvi Rosehill Ching's Motion To Remand Removed Proceedings to State Court for Lack of Subject Matter Jurisdiction.  Defendant Marcus D.E. Rosehill did not file an opposition memorandum to the motion.  The Court heard this motion on January 14, 2010.  After careful consideration of the motion, the supporting memoranda, and the oral arguments, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED.

FACTUAL BACKGROUND

Plaintiff Marvi M. Rosehill Ching ("Ching") and Defendant Marcus D.E. Rosehill ("Rosehill") are siblings.  (Ching Decl'n ¶ 4.)  Their parents, Marcus

F. Rosehill and Violet-Marie M. Rosehill each executed separate trusts in 1986. (Id. 5-6.) Together, the trusts own two parcels of land in Waimanalo, which had been leased to a landscaping company for its plant and nursery business since 1981. (Id. ¶ 12.) After their parents passed away, Rosehill assumed the role of sole trustee for both trusts. (Id. ¶ 10.) It was not until three years later that Ching learned that she was also a co-trustee with her brother. (Id. ¶ 11.)

In 2006, before Ching was aware that she was a co-trustee, Rosehill initiated a summary possession and collection action against the landscaping company that had been leasing the Waimanalo property. (Id. 13.) The court handling that case issued a $1,586,981.71 judgment in favor of the landscaping company and against the trusts. (Id. ¶ 15.) That judgment was based on the tenant's claim that Rosehill refused to return and subsequently destroyed 5,000 plants and trees belonging to the landscaping company. (Id.) At that point, Ching immediately retained counsel and had that judgment set aside. (Id. ¶ 17.)

Ching thereafter filed two Petitions with the state probate court on behalf of the trusts, seeking to remove Rosehill as a co-trustee. (Id. ¶ 18; Ex. 1; Ex. 8.) Rosehill filed Objections to each Petition. (Ex. 2; Ex. 12.) After holding hearings on both Petitions (Ex. 4; Ex. 10), the probate court assigned the Petitions to the civil trials calendar in state court on August 11, 2009. (Ex. 6; Ex. 15.)

On September 15, 2009, Rosehill removed the case to this federal district court. (Doc. 1.) Ching filed the instant motion to remand on November 12, 2009. (Doc. 5.)

## STANDARD OF REVIEW

When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts strictly construe the removal statute against removal jurisdiction. Id. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Id. A defendant who has removed a case bears the burden of proving the proprietary of removal, including jurisdiction. Id.

## DISCUSSION

A.      Motion To Remand

Ching argues that this court lacks subject matter jurisdiction over this case because Rosehill fails to establish diversity or federal question jurisdiction.[1]

---

[1] Ching also argues that remand is warranted because Rosehill "is actually the 'plaintiff' in the underlying State court action" and because "removal was untimely by at least 4 days." (Motion at 17.) However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Because Ching's motion was filed more than thirty days after the notice of removal was filed, the Court only addresses her argument that subject matter jurisdiction is lacking.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998); see 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant"). "A defendant ordinarily may remove a state court action to federal court only if the plaintiff could have brought it there originally." Clinton v. Acequia, Inc., 94 F.3d 568, 570 (9th Cir. 1996).

    1.    Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: . . . the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapatah Servs., Inc., 545 U.S. 546, 553 (2005).

In this case, the burden is clearly on Rosehill to prove "all jurisdictional facts," including complete diversity. Befitiel v. Global Horizons,

Inc., 461 F. Supp. 2d 1218, 1221 (D. Haw. 2006).  However, the only evidence in the record suggests that both Ching and Rosehill are citizens of the Hawaii.  (Ching Decl'n ¶ 1, 4; Ex. 1 at 4; Ex. 2 at 1; Ex. 8 at 4; Ex. 12 at 1.)  Because Rosehill does not present any evidence establishing diversity of citizenship, he fails to meet his burden of establishing diversity jurisdiction over this case.

        2.       Federal Question Jurisdiction

"A district court without diversity jurisdiction must remand a case unless it raises a federal question."  Lovell v. Bad Ass Coffee Co. of Hawaii, 103 F. Supp. 2d 1233, 1239 (D. Haw. 2000).  Under 28 U.S.C. § 1441(b), a federal court has jurisdiction over a removed case if a federal claim is alleged in the complaint.  "A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).

In determining whether this Court has federal question jurisdiction over the claims in this case, the Court turns to Ching's Petitions and Rosehill's

Objections[2] filed in state court. However, none of those documents contain a "claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Federal law does not create the causes of action asserted, and the relief sought does not necessarily depend on resolution of a substantial question of federal law. See Christianson, 486 U.S. at 808. Indeed, all of the issues raised are solely matters of state law. Rosehill therefore fails to meet his burden of establishing federal question jurisdiction over this case.

In sum, Rosehill fails to establish diversity or federal question jurisdiction. Accordingly, removal under 28 U.S.C. § 1441 was improper and the Court recommends that Ching's motion to remand this case be GRANTED.[3] Lovell, 103 F. Supp. 2d at 1235 ("Because the court lacks diversity, as well as federal question jurisdiction, the court remands this case.").

---

[2] Each Petition was filed in Hawaii probate court. On August 11, 2009, pursuant to Rule 20 of the Hawaii Probate Rules, the Petitions were "assigned to the Civil Trials Calendar to Judge Rom A. Trader." (Ex. 6 at 1-2; Ex. 15 at 1-2.) Under Rule 20, "[w]hen a matter is assigned to the civil trials calendar, then for all procedural purposes, the party objecting to the petition shall be considered the plaintiff [and] the objection is to be treated as a complaint." Therefore, without deciding whether the Petitions or Objections shall be treated as the complaint in this case, the Court reviews both the Petitions and Objections for any federal claim.

[3] The Court notes that Ching's counsel requested attorneys' fees and costs in his Supplemental Declaration. (Doc. 12.) However, at the hearing on this motion, he withdrew his request.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Motion To Remand Removed Proceedings to State Court for Lack of Subject Matter Jurisdiction be GRANTED.

The parties are advised that, pursuant to Local Rule 74.2, any party may object to this Findings and Recommendation within fourteen days after being served with a copy.

DATED: Honolulu, Hawaii, January 15, 2010.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Marvi Rosehill Ching v. Marcus E. Rosehill, Civ. No. 09-00437 SOM-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND REMOVED PROCEEDINGS TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION BE GRANTED.