IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARVI ROSEHILL CHING, ) | Civil No. 09-00437 SOM/BMK |
| ) | |
| Plaintiff, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION THAT THIS MATTER |
| vs. ) | BE REMANDED TO STATE COURT; |
| ) | ORDER REMANDING CASE |
| MARCUS E. ROSEHILL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THIS MATTER BE
REMANDED TO STATE COURT; ORDER REMANDING CASE

I.   INTRODUCTION AND BACKGROUND.

This matter arises out of a state-court trust dispute. Marvi Rosehill Ching asked the state probate court to remove her brother, Marcus E. Rosehill, from his position as co-trustee of their parents' trusts. When Rosehill contested the matter, the probate court, pursuant to Rule 20 of the Hawaii Probate Rules, assigned the contested case to the state circuit court. Rosehill then removed the matter, essentially claiming that his federal constitutional rights were being violated by the state-court process.

On November 12, 2009, Ching filed a motion to remand. On January 15, 2010, Magistrate Judge Barry M. Kurren issued findings and recommendation that the motion to remand be granted for lack of subject matter jurisdiction ("F&R"). This court

adopts the thorough and well-reasoned F&R and remands this matter to state court.

II.     STANDARD.

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Bright, 2009 WL 5064355, *3; D. Haw. Local Rule 74.2.

III.     ANALYSIS.

Rosehill removed this matter on September 15, 2009. A review of the underlying state-court proceedings indicates that this matter involves a dispute between siblings who are co-trustees of their parents' trusts. See Exs. 1, 2, 8, and 12 (filed Nov. 12, 2009). As set forth in the thorough and well-reasoned F&R, the underlying probate matter and the contested case that was subsequently set on the civil calendar in the state circuit court do not involve diverse citizens or a federal question that would give this court original jurisdiction over the matter. After de novo review of the record, this court adopts the F&R and remands this matter to state court.

When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. See Gaus, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). The F&R determined that this court lacked diversity jurisdiction under § 1332(a), noting that the record indicates that both Ching and Rosehill are citizens of Hawaii. Rosehill did not object to this determination and argues only that this court has federal question jurisdiction under § 1331. Accordingly, this court adopts the F&R to the extent it determined that diversity jurisdiction is lacking.

"A district court without diversity jurisdiction must remand a case unless it raises a federal question." Lovell v. Bad Ass Coffee Co. of Haw., 103 F. Supp. 2d 1233, 1239 (D. Haw. 2000). Under section 1441(b), a federal court has jurisdiction if a federal claim is alleged in the underlying state-court complaint. When examining whether an action is removable under § 1441(b), this court applies the "well-pleaded complaint rule." Under that rule, for removal to be appropriate, a federal question must appear on the face of the state-court complaint. A "cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Toumajian, 135 F.3d at 653. This court has reviewed the underlying state court documents (the petitions and objections)

4

and determines that they do not contain a federal question.
Accordingly, the court adopts the F&R to the extent it determined
that this court lacks federal question jurisdiction.

This court is unconvinced by Rosehill's arguments that
the underlying state-court proceedings infringe on his federal
rights.  If Rosehill is dissatisfied with the state-court
proceedings, he should pursue the matter through the state-court
appellate system.

IV.     CONCLUSION.

Because there was no basis for the removal of the trust
dispute to this court, the court adopts the F&R and remands this
matter to state court.  In addition to sending a copy of this
order to the parties in this matter, pursuant to 28 U.S.C.
§ 1447, the Clerk of the Court is directed to send a certified
copy of this remand order the Clerk of the First Circuit Court,
State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 2, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Ching v. Rosehill; Civil No. 09-00437 SOM/BMK; ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT
THIS MATTER BE REMANDED TO STATE COURT; ORDER REMANDING CASE